Green, J.
delivered the opinion of the court.
In this case a trial was had at the May term, 1836, of the Warren circuit court, and a verdict was had for the defend *500 ants in error, who were plaintiffs in error, which was set aside . , , . , ,. the court and a new trial awarded. At the succeeding term of the court the cause was again tried, and the plaintiffs obtained a verdict, which the court refused to set aside, but gave a judgment thereon; from which judgment an appeal was prosecuted to this court. At the last term, this court reversed the judgment of the circuit court for misdirection of the jury as to the law of the case, and remanded the cause for another trial. At the last May term of said circuit court the cause was again tried and a verdict was rendered for the plaintiffs which the court refusing to set aside, this appeal is prosecuted.
The. counsel for the defendants in error insist, as there has already been two new trials in the cause, the court is forbidden by the act of 1801, c 6, § 59, to grant another. The act says “that not more than two new trials shall be granted to the same party.” This means, that where the facts of the case have been fairly left to the jury upon a proper charge of the court, and they have twice found a verdict for the same party, each of which having been set aside by the court; if the same party obtain another verdict in like manner, it shall not be disturbed-. But this act did not intend to prevent the court granting new trials for error in the charge of the court to the jury, for error in the admission of, or rejection of testimony, for misconduct of the jury, and the like.
This we should consider the proper construction of the act, if we were now for the first time called upon to expound it; but such having been the uniform practice of the courts since its passage, we are the better satisfied with this view of it. Taking the interpretation of the act here given to be the true one, and it will be seen its provisions are not in the way of this court granting the new trial now asked for. There have been but two new trials heretofore granted to the same party in this cause, and one of them having been awarded by this court for the misdirection of the jury by the circuit court, we would be at liberty to grant a new trial again in the same cause.
2. But defendants in error insist that there is no evidence ¡0 this record that all the proof is set out in the bill, of excep- *501 trons, and consequently, we are to presume that there was evidence to justify the verdict. The court concurs with the counsel in this view of the case. There is certainly nothing in the peculiar nature of the question in issue, and the proof by which it must have been supported, to indicate satisfactorily that all the evidence is set out in the record, nor is there any expression used indicating that all the proof was contained in the bill of exceptions. The rule, therefore, is as contendí' ed by defendants counsel, that the court in such a case will presume there was testimony to warrant the verdict. Let the judgment be affirmed.
Judgment affirmed.